the latter rule was discharged and the former made absolute. On June 27, 1899, the plaintiff entered an appeal in this court and took out a writ of certiorari but did not file the same in the court below, nor otherwise give notice of the appeal until March 5, 1900.   The defendant moved to quash the appeal.

Section 4 of the Act of May 19, 1897, P. L. 67, provides that no appeal shall be allowed in any case unless taken within six calendar months from the entry of the sentence, order, judgment or decree appealed from, but does not declare in so many words that the writ of certiorari shall be filed in the prothonotary's or clerk's office of the court from which the appeal is taken within six months.   But where the appeal is not perfected by the filing of the writ in the office of the prothonotary or the clerk of the court from which the appeal is taken within six months from the entry of the decree, order or judgment or within reasonable time thereafter, notice of the appeal should be given as provided in Rule 6.   As neither of these things was done in the present case and as the appellant omitted to file his assignments of error as provided in Rule 14 the appeal will be quashed.   We remark, however, that we cannot say that the court committed error in holding, as we may presume it did, that its rule does not authorize judgment by default where on appeal from a justice of the peace the plaintiff has elected to file a statement of claim, and this shows that he has no cause of action.   See Palethorp v. Schmidt, 12 Pa. Superior Ct. 214.

The appeal is quashed.

---

# Craig *v.* Reilly.

*Will—Construction—Marketable title to real estate.*

Testator devised and bequeathed to his widow " the whole of my estate . . . . the same and every part thereof absolutely, to sell and convey, and to do with as she may think proper, the whole to be at her free and absolute disposal, and the same or the proceeds arising from the sale of the same or any part thereof, to be her own absolutely without being liable to account to any one for the same." *Held,* that under the above provisions an assignment for benefit of creditors made by the widow vested a marketable title in the assignee, unaffected by certain precatory words as to treatment of the children and provisions which became operative in the event of the remarriage of the widow.

.536, (1900).] Statement of Facts—Opinion of Court below.

Argued May 7, 1900. Appeal, No. 174, April T., 1900, by
defendant, in suit of W. I. Craig, assignee of D. J. Kappel,
against John C. Reilly, from judgment of C. P. No. 2, Alle-
gheny Co., April T., 1900, No. 531, in favor of plaintiff for
want of a sufficient affidavit of defense. Before RICE, P. J.,
BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.
Affirmed. Per curiam.

Rule for judgment for want of a sufficient affidavit of de-
fense. Before SHAFER, J.

It appears from the record that this was an action of as-
sumpsit to recover from defendant the sum of $9,000, being the
purchase price of a certain piece of land under a written agree-
ment of sale. The affidavit of defense set up, inter alia, as
follows:

Affiant admits making the contract sued on in this case, but
he is advised and believes that the title offered him by the said
W. I. Craig, assignee, is not a marketable title, and that the
said W. I. Craig is not seized in fee of the land agreed to be
sold. Affiant avers that Valentin Kappel, by his will dated
May 15, 1868, duly probated and registered in the register's
office for Allegheny county, in will book, vol. 22, pages 397,
398, devised and bequeathed the said land to his wife, Dorothea
J. Kappel. That the said Dorothea J. Kappel made a deed of
voluntary assignment of all her property, real, personal and
mixed, including, inter alia, the land in question which is de-
scribed in said deed by metes and bounds, for the benefit of
creditors, to said W. I. Craig, which deed is recorded in the
recorder's office of Allegheny county, in deed book, vol. 1008,
page 176, by reason whereof the said plaintiff, W. I. Craig,
assignee, now takes and holds only the same title as that
which was vested in said Dorothea J. Kappel under the terms
of the will of said Valentin Kappel, deceased. Affiant sub-
mits to the court that the making and delivery of the deed of
voluntary assignment to W. I. Craig, is not such a disposition
or sale of the said premises as is authorized under the terms
of the said will.

The court below filed the following opinion:
This is an action to recover the purchase money of a piece

of land in the city of Pittsburg; which the plaintiff sold by articles of agreement to the defendant. The affidavit of defense sets up want of title in the plaintiff, showing the will of Valentin Kappel, by which the land was devised to Dorothea Kappel as therein set forth, and the voluntary assignment for the benefit of creditors by Dorothea Kappel to the plaintiff. The will recites that Dorothea Kappel had devoted her labor, equally with that of the testator, to the acquisition of all his goods and worldly estate; that he does not consider the provisions of the intestate law equitable in her case, and his confidence in her ability to manage the estate, and proceeds, " therefore, that she may feel and be entirely free and untrammeled in making such disposition as she may choose, or may deem best, of the whole of my estate, . . . . I hereby will, devise and bequeath to her the same and every part thereof absolutely, to sell and convey, and to do with as she may think proper; the whole to be at her free and absolute disposal, and the same, or the　　　　　arising from the sale of the same, or any part thereof, to be her own absolutely, without being liable to account to any one for the same," and proceeding with certain precatory words as to her treatment of the children; and providing further that in case of her marrying again she is to be restricted to one third of the net rents of the real estate, with one third of the personal estate; and providing further that all of the real estate not sold by her in her lifetime, or disposed of in her will, should go to his children, and that if she marries again, all real estate not sold by her prior to such marriage shall go to his children, subject to her one third of the rents.

We are at a loss to understand how a deed of voluntary assignment of all her real estate is not within her power " to sell and convey and do with as she may think proper," or why a deed of all of her property should not be held to pass the lands devised to her in this will as fully as if they were devised by metes and bounds. Being of the opinion, therefore, that the title to the lands in question passed to the assignee by the voluntary assignment, we think the rule for judgment should be made absolute.

Defendant appealed.

536, (1900).] Assignment of Errors—Opinion of the Court.

*Error assigned* was in entering judgment against defendant in favor of plaintiff for want of a sufficient affidavit of defense.

*W. A. Challener,* with him *Clarence Burleigh,* for appellant. —The question then, in this case, is whether the will of Valentin Kappel gave to his wife, D. J. Kappel, an estate for life, or, what is substantially the same thing, during widowhood, with a power of disposition superadded, or whether the will gave the property in question to the wife indefinitely with a superadded power of disposition.

When the first taker under a will has the power to spend the fund bequeathed in his lifetime, though the testator may have expressed an intention to dispose of what the first taker shall leave unspent at his death, there is, obviously, no ascertained part upon which a trust can attach and the first taker has virtually the whole property: Bradly v. Westcott, 13 Vesey, 453.

The facts of this case are very similar to those found in the report of the case of the Second Reformed Presbyterian Church v. Disbrow, 52 Pa. 219.

Substantially the same ruling is made in Dillin v. Wright, 73 Pa. 177. To the same effect see also Forsythe v. Forthsye, 108 Pa. 129.

*W. E. Fulton,* for appellee.—The intention of testator was that she could dispose of the real estate as she saw fit while she lived and remained unmarried, and if she remained unmarried up to the time of her death, by her will she could dispose of said real estate. D. J. Kappel has not married since her husband's death.

D. J. Kappel took a fee: Bradly v. Westcott, 13 Vesey, 445, 453; Church v. Disbrow, 52 Pa. 219; Dillin v. Wright, 73 Pa. 177; Forsythe v. Forsythe, 108 Pa. 129.

PER CURIAM, May 24, 1900:

The judgment is affirmed.